UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
LUIS E. ARAUJO,                                :
                                               :
                                    **Plaintiff,**   :
                                               :   **OPINION**
                    - against -     :
                                               :   07 Civ. 6210 (LAK) (RLE)
RUBIN SCHRON, et al.,                          :
                                               :
                                **Defendants.**  :
--------------------------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

### I. INTRODUCTION

*Pro se* plaintiff, Luis E. Araujo ("Araujo"), commenced this action on May 29, 2007, against defendants Rubin Schron, Abe Biller, Ben Blumenfield (a.k.a. Central Queens Properties, a.k.a. 853 Seventh Avenue Owners, L.L.C., a.k.a. 853 Seventh Aves Associates, a.k.a. Seventh Avenue Realty Corporation), Neil Hartman, Sal Kurtz, Victor Vizinha, Manoel Jeremias, Ralph Lopez, Gilberto Smith, 853 Tenants of 853, alleging breach of contract, in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), and unlawful interference with his retirement benefits, in violation of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et. seq. ("ERISA"). Pending before the Court is Araujo's motion to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to add factual allegations. For the reasons which follow, Araujo's motion to amend is **DENIED,** without prejudice.

### II. DISCUSSION

Under the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of right before a responsive pleading is served or within twenty days after the pleading is

served. FED. R. CIV. P. 15(a). A party may also amend its pleading with written consent from the opposing party or by filing a motion for leave to amend with the Court. **Id.** Rule 15(a) specifies that leave to amend shall be freely given when justice so requires. Since this rule is interpreted liberally, **Rachman Bag Co. v. Liberty Mut. Ins. Co.**, 46 F.3d 230, 234 (2d Cir. 1995), an amendment is normally permitted, and the refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules." **Foman v. Davis**, 371 U.S. 178, 182 (1962). Moreover, a *pro se* litigant in particular "should be afforded every reasonable opportunity to demonstrate that he has a valid claim." **Stevens v. Goord**, 2002 WL 987293 at *1 (S.D.N.Y. May 10, 2002) (*quoting* **Satchell v. Dilworth**, 745 F.2d 781, 785 (2d Cir. 1984)). "Nonetheless, the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile." **Lee v. Regal Cruises, Ltd.**, 916 F. Supp. 300, 303 (S.D.N.Y. 1996), *aff'd*, 116 F.3d 465 (2d Cir. 1997), *citing* **Foman**, 371 U.S. at 182. It remains, however, within the discretion of the Court whether to allow amendment. **Foman**, 371 U.S. at 182. An amendment is considered "futile if [the] proposed claim could not withstand a motion to dismiss." **Dougherty v. Town of North Hempstead Bd. of Zoning Appeals**, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted).

      Defendants oppose Araujo's motion, arguing that the amendment would be futile because Araujo has not put forth any plausible claim or factual allegations that raise a right to relief, as required by federal law. *See* **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. 1955, 1964-65 (2007) (explaining that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," but that the plaintiff is

obligated to assert the grounds for relief).

Araujo's proposed amendments set forth significantly more lengthy and detailed factual allegations, but assert no new claims. Since these amendments merely add additional facts that bolster the claims already asserted, they violate the federal pleading rules. Rule 8 "requires only that plaintiff's charges be set forth in a short and concise statement, detailed only to the extent necessary to enable defendant to respond and to raise the defense of res judicata if appropriate. The pleading of additional evidence is not only unnecessary, but in contravention of proper pleading procedure." **Highland Capital Management, L.P. v. Schneider**, 2004 WL 2029406 at * 4 (S.D.N.Y. Sept. 9, 2004) (*quoting* **Geisler v. Petrocelli**, 616 F.2d 636, 640 (2d Cir. 1980); *see* **Politico v. Promus Hotels, Inc.**, 184 F.R.D. 232, 233-34 (E.D.N.Y. 1999) ("A complaint should not be a preview of counsel's argument to the jury at the end of the case. The complaint should not plead evidence. Such information is available through discovery.")). Therefore, Araujo's motion to amend his complaint is **DENIED**, without prejudice.

**SO ORDERED this 29th day of August 2007**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3